IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Torrey Josey, | ) | C/A No.: 0:11-2993-CMC-SVH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | ORDER |
| | ) | |
| Wal-Mart, | ) | |
| | ) | |
| Defendant. | ) | |

This employment action has been filed by Plaintiff, *pro se*, under the Americans with Disabilities Act, 42 U.S.C. §§ 12101, et seq., and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. This matter is before the court on Plaintiff's motions for hearing [Entry #17, #27] and motion to compel discovery [Entry #13]. All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of Local Civil Rule 73.02(B)(2)(g) (D.S.C.).

I.  Discussion

   A.  Plaintiff's Motion for Hearing Filed December 8, 2011

On December 8, 2011, Plaintiff moved for a hearing on his motion to compel discovery and motion for default judgment. [Entry #17]. Defendant's response states that Plaintiff's motion to compel discovery and motion for default judgment "are the direct result of a fundamental misunderstanding of applicable law and rules of procedure" and that "both motions may be easily and efficiently decided on the written submissions of the parties." [Entry #19 at 2].

Whether to schedule an oral hearing on motions is within the court's sole discretion. Fed. R. Civ. P. 79; *see also United States Fidelity and Guaranty Co. v. Lawrenson*, 334 F.2d 464, 466–67 (4th Cir.), *cert. denied*, 379 U.S. 869 (1964) ("The wisdom of leaving a hearing to the discretion of the district court is obvious.") In this case, the parties fully briefed the motion to compel discovery and the motion for default judgment. The court therefore concludes that a hearing on those motions is unnecessary and denies Plaintiff's motion for hearing.

B.  Plaintiff's Motion for Hearing Filed January 18, 2012

Plaintiff filed a second motion for hearing on January 18, 2012. [Entry #27]. Plaintiff's motion is duplicative and is denied on that basis.

C.  Plaintiff's Motion to Compel Discovery

Plaintiff filed a motion to compel discovery alleging Defendant has failed to "answer or produce for Plaintiff's discovery." [Entry #13]. Defendant admits Plaintiff attempted to serve written discovery on September 28, 2011 by sending interrogatories and requests for production to Defendant's counsel. [Entry #15 at 1]. The written discovery was received by defense counsel on October 3, 2011. *Id.* Defendant contends Plaintiff's discovery is premature given Defendant's pending motion to dismiss. *Id.* at 2. Defendant offers to regard Plaintiff's written discovery as served upon the issuance of a scheduling order in this case. *Id.*

Pursuant to Fed. R. Civ. P. 26(d)(1), "[a] party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except . . . when authorized by these rules, by stipulation, or by court order." To date, the parties have not

been required to confer under Rule 26(f). Consequently, discovery has not commenced under the Federal Rules of Civil Procedure. The court finds no compelling reason in this case to issue an order commencing discovery prior to a decision on Defendant's pending motion to dismiss. Consequently, Plaintiff's motion to compel discovery is denied. Per Defendant's response brief, discovery shall be considered served upon issuance of a scheduling order in this matter.

II. Conclusion

For the foregoing reasons, (1) Plaintiff's motion for hearing filed December 8, 2011 [Entry #17] is denied; (2) Plaintiff's motion for hearing filed January 18, 2012 [Entry #27] is denied; and (3) Plaintiff's motion to compel discovery [Entry #13] is denied.

IT IS SO ORDERED.

February 16, 2012
Columbia, South Carolina

Shiva V. Hodges
United States Magistrate Judge