IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
ROCK HILL DIVISION

| | | |
|---|---|---|
| Torrey Josey, | ) | C/A No. 0:11-2993-CMC-SHV |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **AMENDED OPINION AND ORDER** |
| | ) | *correcting typographical error of date |
| Wal-Mart Stores East, L.P.,[1] | ) | on page 4 from 2008 to 2011.* |
| Defendant. | ) | |
| _____ | ) | |

Through this action, *pro-se* Plaintiff, Torrey Josey ("Josey"), seeks recovery from his former employer, Wal-Mart Stores East, L.P. ("Wal-Mart"), for alleged disability discrimination in violation of the Americans with Disabilities Act, 42 U.S.C. §12101, et seq. ("ADA") and alleged race discrimination in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, et seq. ("Title VII"). Josey also alleges a claim of negligence.

The matter is before the court on Wal-Mart's motion to dismiss (Dkt. No. 6) and Josey's motion for default judgment (Dkt. No. 16). For the reasons set forth below, Wal-Mart's motion to dismiss is granted in part and denied in part, and Josey's motion for default judgment is denied.

After the Report and Recommendation of the Magistrate Judge was filed, Josey filed a motion for summary judgment. Dkt. No. 37. Wal-Mart filed a response arguing that the motion is premature and not supported by any evidence. Dkt. No. 39. The court denies Josey's motion for summary judgment without prejudice because the motion cites no evidence to support his

---

[1] Defendant has identified Wal-Mart Stores East, L.P. as the proper Defendant in this action. The Magistrate Judge recommends changing Defendant's name in the caption from "Wal-Mart" to "Wal-Mart Stores East, L.P." Dkt. No. 31 at 1 n.1. Neither party objected to this recommendation. The court, therefore, changes the caption to reflect Defendant's proper name.

allegations. Further, this motion is premature as Wal-Mart has not yet filed an answer and no discovery has been conducted.

**PROCEDURAL BACKGROUND**

In accordance with 28 U.S.C. § 636(b) and Local Civil Rule 73.02 (B)(2)(e), (g), DSC, this matter was referred to United States Magistrate Judge Shiva V. Hodges for pre-trial proceedings and a Report and Recommendation ("Report"). On February 16, 2012, the Magistrate Judge issued a Report recommending that Wal-Mart's motion to dismiss be granted as to Josey's ADA retaliation claim and negligence claim. The Report recommends denying Wal-Mart's motion to dismiss as to Josey's accommodation, wrongful termination, and hostile work environment claims under the ADA, and Josey's disparate treatment claim under Title VII. The Report also recommends that Josey's motion for default judgment be denied.

The Magistrate Judge advised the parties of the procedures and requirements for filing objections to the Report and the serious consequences if they failed to do so. Josey filed a timely objection on February 24, 2012, objecting to the Report's recommendation to deny Josey's motion for default judgment.[2] Dkt. No. 34. Josey did not object to the recommendation of dismissal of his ADA retaliation claim and negligence claim. Wal-Mart did not file objections to the Report, which were due March 5, 2012.

**STANDARD**

---

[2] On February 24, 2012, after the Report was filed, Josey also filed a "Reply to Defendant's Response to Plaintiff's Motion for Default" ("Reply"). Dkt. No. 35. The deadline for filing a reply was February 13, 2012. Dkt. No. 28. In his Reply, Josey argues that "Plaintiff did served [sic] summons and complaint first to Walmart Store #4237 registered agent the Defendant and to it's [sic] counsel by US certified mail. Certified mail was received and signed at Walmart Store #4237 on 9/30/11 and that is when timely matter begins of 30 days." Dkt. No. 35 at 1. The court finds that Josey's argument in his Reply is included in his objections.

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight, and the responsibility for making a final determination remains with the court. *See Mathews v. Weber*, 423 U.S. 261 (1976). The court is charged with making a *de novo* determination of any portion of the Magistrate Judge's Report and Recommendation to which a specific objection is made. The court may accept, reject, or modify, in whole or in part, the recommendation made by the Magistrate Judge or recommit the matter to the Magistrate Judge with instructions. *See* 28 U.S.C. § 636(b). In the absence of an objection, the court reviews the Report and Recommendation only for clear error. *See Diamond v. Colonial Life & Accident Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (stating that "in the absence of a timely filed objection, a district court need not conduct a *de novo* review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation") (citation omitted).

## DISCUSSION

Josey filed a motion for default judgment arguing that Wal-Mart failed to answer Josey's Summons within 30 days. Dkt. No. 16. Josey filed this action in state court on September 28, 2011. Dkt. No. 1-1 at 2. Josey delivered the summons and complaint to the office of Wal-Mart's counsel by certified mail on October 3, 2011. Dkt. No. 16-2 at 7-8. Wal-Mart filed its notice of removal on November 2, 2011 (Dkt. No. 1) and a motion to dismiss on November 3, 2011 (Dkt. No. 6). Josey argued to the Magistrate Judge that the removal was untimely because Josey received the notice of removal by mail on November 4, 2011, which was more than 30 days after he served Wal-Mart's counsel on October 3, 2011. Dkt. No. 16-3 at 1. The Magistrate Judge found that Wal-Mart's removal was timely because it was filed within thirty days of receiving the initial pleading pursuant

3

to 28 U.S.C. § 1446(b), and that Wal-Mart's motion to dismiss was timely because it was filed within seven days after the removal was filed. Dkt. No. 31 at 17.

In his objections, Josey alleges that he served the summons and complaint on Wal-Mart Store #4237 on September 30, 2011. Dkt. No. 34 at 1. Josey attached a copy of the certified mail receipt and tracking number of an item mailed to "Indian Land Walmart #4237, 10048 Charlotte Hwy, Indian Land, SC 29707," and dated September 30, 2011. Dkt. No. 34-2 at 2. Josey argues that Wal-Mart was required to respond to his complaint within 30 days of September 30, 2011, not within 30 days of October 3, 2011. Dkt. No. 34 at 1. Wal-Mart responds that Josey's mailing of the summons and complaint to one of Wal-Mart's retail stores was not proper service because the South Carolina Rules of Civil Procedure require that, when serving a corporation, a copy of the summons and complaint be delivered to "an officer, a managing or general agent, or to any other agent authorized by appointment or by law to receive service of process." Dkt. No. 36 at 3 (citing Rule 4(d)(3), SCRCP). Wal-Mart argues that it was properly served on October 3, 2011, when the summons and complaint were delivered to the office of Wal-Mart's counsel, not on September 30, 2011.

Wal-Mart also argues that even if Josey could show default, the Federal Rules of Civil Procedure discourage judgment by default and encourage disposition of claims on their merits. Dkt. No. 36 at 4. Wal-Mart contends that Josey has failed to allege or demonstrate any prejudice from the alleged default. *Id.*

The court finds that Wal-Mart was properly served on October 3, 2011 by delivery of the summons and complaint to the office of Wal-Mart's counsel. Removal was timely as it was filed on November 2, 2011 within 30 days of service. Wal-Mart's motion to dismiss was timely filed on November 3, 2011 within seven days of removal. The court rejects Josey's objections. The court, therefore, adopts the Report's recommendation to deny Josey's motion for default judgment.

4

The court has reviewed the portions of the Report to which no objection was made for clear error. Finding none, the court adopts and incorporates the Report by reference. For the reasons set forth therein, the court grants Wal-Mart's motion to dismiss Josey's ADA retaliation claim and negligence claim, and denies it as to Josey's accommodation, wrongful termination, and hostile work environment claims under the ADA, and Josey's disparate treatment claim under Title VII.

## CONCLUSION

For the reasons set forth above, the court adopts and incorporates the Report. The court denies Josey's motion for default judgment. The court grants Wal-Mart's motion to dismiss Josey's ADA retaliation claim and negligence claim without prejudice. The court denies Wal-Mart's motion to dismiss Josey's accommodation, wrongful termination, and hostile work environment claims under the ADA, and Josey's disparate treatment claim under Title VII.

The court also denies Josey's motion for summary judgment.

**IT IS SO ORDERED.**

                                                   S/ Cameron McGowan Currie
                                                   CAMERON MCGOWAN CURRIE
                                                   UNITED STATES DISTRICT JUDGE

Columbia, South Carolina
April 9, 2012